## HINDY *v.* AVEDISIAN.

1. ASSAULT—PLEADING—SELF-DEFENSE.

Allegation in plaintiff's civil action for assault and battery, that defendant struck plaintiff "without cause or justification of any kind" sufficiently traversed defendant's claim of self-defense and framed an issue on that disputed question of fact, thereby making it unnecessary to file a reply to the same effect.

2. SAME—SELF-DEFENSE—EVIDENCE.

Evidence in civil action for assault and battery *held,* insufficient to sustain defendant's claim that as a matter of law he was not guilty of an unprovoked assault and battery or acted justifiably in self-defense, where it appears that plaintiff may have touched defendant's arm as plaintiff peacefully extended his hands with his palms down and fingers extended.

3. APPEAL AND ERROR—JUDICIAL NOTICE OF NONESSENTIAL FACTS.

Error, if any, which trial court may have committed during colloquy with counsel in taking judicial notice of certain claimed facts *held,* not reversible, where such facts were not essential to the court's decision which was in accord with the clear preponderance of the evidence.

4. DAMAGES—CHEEKBONE FRACTURE—EYE-SOCKET INJURY—HOSPITAL AND DOCTOR BILLS—LOSS OF EARNINGS.

Judgment of $850 in civil action for assault and battery *held,* not excessive, where plaintiff's hospital and doctor bills totalled $545.75, judge allowed $79.25 for loss of earnings for 1 week instead of the 2 actually involved and $225 for pain and suffering attending a fractured cheekbone which had been depressed

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Pleading § 175; 4 Am Jur, Assault and Battery § 143.
[3] 3 Am Jur, Appeal and Error § 1003.
[4] 15 Am Jur, Damages §§ 211, 213.
[5] 3 Am Jur, Appeal and Error § 1280.

more than half an inch as the result of defendant's blow, and injury to the eye socket.

5. JUDGMENT—APPEAL BOND—SURETY.

Judgment for plaintiff is ordered entered against both defendant and sureties on his appeal bond upon affirmance by the Supreme Court and motion filed therein (CL 1948, § 622.5).

Appeal from Wayne; Toms (Robert M.), J. Submitted April 30, 1954. (Docket No. 64, Calendar No. 46,123.) Decided June 7, 1954.

Case in Common Pleas Court for the City of Detroit by Michael Hindy against Haig Avedisian for damages for injuries from assault and battery. Judgment for plaintiff appealed to and affirmed in circuit court. Defendant appeals. Affirmed.

*Stanton, Sempliner, Dewey & Knight* (*Frederick G. Dewey,* of counsel), for plaintiff.

*Daniel P. Cassidy,* for defendant.

DETHMERS, J. Defendant appeals from a judgment for $850 plus costs, entered against him in the common pleas court for the city of Detroit and affirmed, on appeal, in the Wayne county circuit court in a civil suit for assault and battery.

Defendant claims error in the trial court's failure to enter judgment for him on the ground that defendant's answer had set up self-defense as an "affirmative defense" and plaintiff failed to file a reply. Plaintiff's declaration alleged, however, that defendant struck plaintiff "without cause or justification of any kind." That sufficiently traversed defendant's claim of self-defense and framed an issue on that disputed question of fact, making the filing of a reply to the same effect idle. This assignment of error is not well taken.

Defendant's next contentions go to the clear preponderance of the evidence on the question of whether defendant was guilty of an unprovoked assault and battery or acted justifiably in self-defense. Defendant testified that before he struck plaintiff the latter pushed him. Plaintiff's version was otherwise. The testimony was in conflict. The circuit judge correctly held that the testimony did not clearly preponderate against the finding of the common pleas court and stated that, had he heard the case *de novo,* he would unhesitatingly have found the same way. Suffice it to say, in this connection, that we do not agree with defendant that what the plaintiff described and the trial court found to be a peaceful extending of hands by plaintiff, with palms down and fingers extended, in an effort to placate defendant, even though plaintiff may have touched defendant's arms in so doing, presented a situation justifying defendant, as a matter of law, in striking plaintiff in claimed self-defense.

Pointing to comments of the trial judge in colloquy between court and counsel, defendant complains that the court erroneously took judicial notice of certain claimed facts. They were not essential to the trial court's decision, which was in accord with the clear preponderance of the admissible evidence received. Hence, the error, if any, was not reversible.

Finally, defendant says that the judgment was grossly excessive and points, in particular, to the fact that part of plaintiff's claim for damages consisted of loss of earnings for 2 weeks, but that, as a foundation therefor, plaintiff testified to his hourly wage rate at the time of trial rather than at the time when the disability occurred. It is evident, however, from the statements of the trial judge, that he allowed for loss of earnings for only 1 week instead of the 2 actually involved. Plaintiff's hospital and doctor bills resulting from the battery totalled $545.75.

The court allowed these, together with $79.25 for loss of earnings. The balance of the judgment, namely, $225, apparently was allowed for pain and suffering attending a fractured cheekbone, which was depressed more than half an inch as the result of the blow, and injury to the eye socket. The judgment was not excessive.

In accord with plaintiff's motion filed in this Court the judgment for plaintiff may be entered against both defendant and the sureties on his appeal bond as provided in CL 1948, § 622.5 (Stat Ann § 27.1436).

Affirmed, with costs to plaintiff.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.