SCHWALK *v.* SCHWALK.

1. Divorce—Division of Property—Equity.

There is no rigid rule for the division of property in suits for divorce, and the division need not be equal but rather should be fair and equitable under all the circumstances involved.

2. Same—Division of Property—Equity.

Division of property between 47-year-old wife and 50-year-old husband at termination of. childless marriage of nearly 20

References for Points in Headnotes

[1, 2] 17A Am Jur, Divorce and Separation § 931.
[3] 17 Am Jur, Divorce and Separation § 743.
[4] 17A Am Jur, Divorce and Separation § 929.

years whereby each received substantially 1/2 of the property which had been accumulated as both had been employed is not disturbed by the Supreme Court, where record discloses trial court patiently and thoroughly received testimony and endeavored to make an equitable division, all things considered.

3. SAME—REOPENING PROOFS—DISCRETION OF COURT—NEWLY-DISCOVERED EVIDENCE.

Reopening of suit for divorce at husband's request to receive newly-discovered proof as to asset wife had, consisting of contributions in teacher's retirement fund that had not been disclosed at hearing, *held*, not an abuse of discretion, since parties must use care, diligence and vigilance in securing and presenting evidence.

4. SAME—FORTHWITH VACATION OF HOME BY HUSBAND.

Plaintiff husband's claim of error that trial court's order to him to forthwith vacate home of the parties to suit for divorce rather than after the lapse of a reasonable time, the usual appeal time or after appeal decision *held*, without merit, where the home had been awarded to wife.

Appeal from Wayne; Brennan (John V.), J. Submitted January 16, 1958. (Docket No. 65, Calendar No. 46,935.) Decided April 15, 1958.

Bill by Fred Schwalk against LaVerne Schwalk for divorce. Decree granted on cross bill, with contest limited to division of property. Plaintiff appeals. Affirmed.

*Casper C. Cutler,* for plaintiff.

*George F. Curran,* for defendant.

KELLY, J. Plaintiff husband filed a bill of complaint and defendant wife filed her answer and cross bill asking for a divorce. Plaintiff withdrew his bill of complaint and answer to cross bill, and contested only on the issue of the real property partition and personal property division.

At the close of proofs Hon. John V. Brennan, circuit judge of Wayne county, stated that the record showed a complete estrangement with an animosity existing that was incompatible with the marriage relationship and that "the relish with which each charged, and recounted the faults and shortcomings of the other, bespeaks the state of mind of the parties and the complete collapse of the marital status." There were no children of this marriage.

The court, discussing the evidence before him in the presence of defendant, plaintiff and their respective counsel, stated as follows:

"For the sake of the parties themselves, it is to be hoped that the stenographic record of this case may never have to be transcribed.

"In a divorce proceeding where the parties have lived together as husband and wife for nearly 20 years, it is difficult to determine the property division to a dollar and cent degree. The relationship does not admit of a money exactness. Household duties over the years do not admit of exact evaluation or accounting.

"In the case now before the court, the parties are of mature years—the wife 47, the husband 50. Both have worked at gainful occupations for the greater part of their married lives. The wife has been a teacher in the public schools during her entire married life. This occupation itself carries with it its own stamp of patent daily industry in public service. The work record of the husband, as well as his experience in business, is not quite equal to that of the wife. Between them they have accumulated a fair amount of property, among which is an 8-room house. Five and 3, it is an income bungalow, with 1 furnace, valued at approximately $10,000; some furniture therein, stocks of considerable value, some cash; 2 automobiles and a few sundries best known to the parties themselves. There are no debts except on the car now in the name of Mr. Schwalk.

"The court is of the opinion and so finds that as nearly as possible the property should be apportioned equally, 1/2 to each. As indicated, this is not possible of exact estimation or division. Approximation and the rule of reason apply here. Some few of the household utensils or articles have a sentimental value. They are hereinafter noted and should be awarded to the proper person.

"At this point the court is going to adjourn this matter for a half hour to give these 2 people here and their counsel an opportunity to make a disposition of the property in accordance with what the court has heretofore stated. If that cannot be done then the court will continue the rest of this matter. I think out of all due deference to all the parties here, each understanding exactly now what is in the record before the court, that this should be done, to the end that they, themselves, may come to a conclusion or at least be of some aid in the apportionment of each to each of the entire property that is involved in this issue here. We will take half an hour to give you that opportunity."

At the conclusion of the adjournment above referred to, the parties to this litigation and their attorneys returned to the courtroom and informed the court that while they were able to make an agreeable division in regard to certain personal property, they could not come to such an agreement in regard to the real property. Upon being so informed, the court said:

"The court has already confirmed the settlement and disposition of the personal property heretofore enumerated by counsel for the respective parties. The court, therefore, now makes disposition by order and decree of the balance of the property. In doing this, the court has taken into account the money that was drawn from the bank at or about the time of the filing of the bill of complaint by the plaintiff—this being withdrawn by the plaintiff husband. Also, the sale of stocks at or about the time of the

filing of this bill of complaint by the husband—the sale by him—the items being—sum withdrawn from the bank $3,200, the sale of stock $6,400.

"In arriving at the disposition of the property, the court has set the value of the house and lot, that is, the premises in question, at $10,000. Dividing that on a 50/50 basis would give to each the sum of $5,000 as an interest in the property. Dividing the total sum withdrawn from the bank and the sale of the stock heretofore mentioned, *viz.*, $3,200 plus $6,400, making a total of $9,600, dividing that by 1/2, would leave to each $4,800. That sum is to be kept in mind, and is being kept in mind by the court in the disposition of the property as he now proceeds to divide it.

"It is the order and decree of the court that the house and lot known as 19124 Cameron avenue, in the city of Detroit, be decreed to be the sole and separate property of the wife. Also, that she be deemed to be the sole and separate owner of the 3 United States bonds, valued about $60. Also, the sum of credit now in the Teachers' Credit Union, approximately $150, the sum of money loaned to her sister, *viz.*, $1,200. Also, the automobile belonging to her now and in her own name. All of these items, as the court has indicated, are ordered and decreed to be the sole and separate property of the wife.

"To the husband, the court orders and decrees that the sum of $3,200 withdrawn from the bank, heretofore mentioned, and the sum of $6,400, being the proceeds of the sale of the stock, heretofore mentioned, be decreed to be the sole and separate property of the husband.

"It will be noted in this connection that 1/2 of that sum was $4,800, and the 1/2 value in the house was $5,000.

"It is also the order and decree of the court that the husband be decreed to be the sole and separate owner of the textile stock now in his name, and the sugar stock now in his name. The court omitted to order and decree that the sugar stock owned by the

wife be decreed to be her sole and separate property. I had omitted that in the list, decreed to be the property of the wife.

"Also the order and decree of the court that the automobile now in the possession and name of the husband be decreed to be his sole and separate property, he to assume the debt attached thereto.

"Viewing all of the testimony in the case in the light of the facts and equities involved, the court believes that this is an equitable disposition of the property on the basis indicated by the court, and as one of the elements that evens up what might be termed a money discrepancy as to dollars and cents in the over-all picture, the right of immediate possession of the wife to the premises in question has been taken into account.

"And while this matter figured on a strictly money basis, gives the husband a little more, not too much more than half of the estimated values of the tangible things, the court has already indicated that this disposition the court has made seems equitable to all of the parties here—on the basis indicated by the court."

The record before us discloses that the trial court patiently and thoroughly received testimony from both husband and wife and endeavored to make an equitable division on a 50/50 basis. In his opinion the court emphasized that a division from an exact dollar and cents standpoint was almost impossible, and in this regard this Court made a similar comment in *Whittaker* v. *Whittaker,* 343 Mich 267, 268, as follows:

"We do not propose to reconcile the arithmetical differences between the parties for we do not decide the division of property and income upon a mathematical basis. We stress again that there is no rigid rule for division of property in divorce actions. * * * 'We have held that under the law of this State a division of property need not be equal but

rather should be fair and equitable under all of the circumstances involved.' "

We have examined appellant's reasons for a re-assessment and re-evaluation of certain items of property and, after such examination, we do not disagree with the trial court's division between the husband and wife.

Appellant claims that the court erred in not re-opening the case when he informed the court that he had discovered that appellee (wife) had more than $1,126.62 in the teachers' retirement fund. In *Grossman* v. *Langer,* 269 Mich 506, 513, we said:

"A motion for a new trial, upon the ground of newly-discovered evidence, is not regarded with favor. The policy of the law is to require of parties care, diligence, and vigilance in securing and presenting evidence."

The court did not abuse its discretion in refusing to reopen the case.

There is no merit to appellant's final point, namely that appellant was entitled to either a reasonable time, or to the usual appeal time, or to await appeal decision, before vacating the home awarded to the wife, instead of being required by the decree to forthwith vacate said home.

Decree affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.