## SCHWALK *v.* SCHWALK.

1. APPEAL AND ERROR—APPEAL BOND—ENFORCEMENT—ACTION.

Enforcement of appeal bonds and stay bonds, except for special statutory procedure on appellee's motion before affirmance of a judgment on appeal whereby summary judgment may be entered against the appellant-principal and his surety, must be by separate proceedings brought within 2 years from the accrual of the cause for action (CLS 1956, § 609.13; CL 1948, § 621.1 *et seq.*; § 622.5).

2. JUDGMENT—RES JUDICATA—MOTION FOR RECONSIDERATION—ACTION ON APPEAL BOND.

The denial of plaintiff-appellee's motion for reconsideration, filed after affirmance of decree in suit for divorce, whereby she had sought to have the Supreme Court direct the trial judge to accomplish an enlargement of the decree's property award, being beyond his power, and not within the special statutory proceeding on an appellee's motion for entry of summary judgment against appellant and surety made before affirmance of judgment on appeal, was not *res judicata* of action on appeal bond as the earlier efforts were inappropriate for the results sought (CL 1948, § 622.5).

3. BONDS—APPEAL BOND—CREDITS FOR TAXES PAID.

Credit for taxes paid by defendant, occupant of premises involved in suit for divorce, *held*, to have been allowed defendant and his surety in action against them by appellee on appeal bond, where trial judge stated he had allowed a stated sum for "all utility bills, heating bills, and furnace repair," but sum actually included exact amount of expenses for such purposes and amount defendant had paid in taxes (CLS 1956, § 609.13; CL 1948, § 621.1 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  3 Am Jur, Appeal and Error § 1300 *et seq.*
[2]  30A Am Jur, Judgments § 357.

Appeal from Oakland; Dondero (Stanton G.), J. Submitted June 13, 1962. (Docket No. 48, Calendar No. 49,248.) Decided October 1, 1962.

Assumpsit by LaVerne Schwalk against Fred Schwalk and New Amsterdam Casualty Company, a New York corporation, surety, for sums due for occupancy of property pending appeal of divorce action. Judgment for plaintiff. Defendant appeals. Affirmed.

*George F. Curran,* for plaintiff.

*Casper C. Cutler,* for defendants.

SOURIS, J. This appeal is from judgment against defendants in an action in assumpsit on a $2,000 surety bond filed to stay enforcement of the provisions of a 1956 divorce decree by which plaintiff was awarded the matrimonial domicile and the right to its immediate possession. In 1958 the divorce decree was affirmed by this court. *Schwalk v. Schwalk,* 352 Mich 383.

Judgment in the amount of $1,793.21, plus interest from affirmance of the divorce decree, was entered below. The judgment was based upon plaintiff's proofs of the fair rental value of the premises during the 2-year period following decree until its affirmance, during which time defendant Fred Schwalk occupied part of the premises and collected the rents from tenants of another part. The trial judge's opinion states that he allowed defendants credits against that fair rental value for the rental value of plaintiff's own occupancy of part of the premises and for heat, utility, and repair bills paid by Schwalk.

Defendants claim on appeal, as they did below, that plaintiff was barred from suing at law because of 2 prior efforts made by her unsuccessfully to col-

lect from defendant Schwalk the rental value of the premises for the period here involved. It seems to be defendants' theory that plaintiff is barred by *res judicata* by virtue of our denial of her "motion for reconsideration" of our decision in 352 Mich 383 in which she prayed that we direct the chancellor to amend the divorce decree to require Schwalk and his surety to pay her the rental value of the premises and by virtue of the chancellor's subsequent denial of a motion by plaintiff praying similar relief.

Except for the special procedure provided by CL 1948, § 622.5 (Stat Ann § 27.1436), see *Hindy* v. *Avedisian,* 339 Mich 616, whereby an appellate court may enter summary judgment against the appellant-principal and his surety where motion therefor is made before judgment of affirmance is entered, enforcement of appeal bonds and stay bonds must be by separate proceedings brought within 2 years from the accrual of the cause for action. CL 1948, § 621.1 *et seq.* (Stat Ann § 27.1413 *et seq.*) and CLS 1956, § 609.13 (Stat Ann 1959 Cum Supp, § 27.605). Plaintiff's "motion for reconsideration" filed with this Court after our affirmance of the chancellor's decree was not within the provisions of CL 1948, § 622.5 (Stat Ann § 27.1436), nor is there any other authority for the relief it prayed. Similarly, it was beyond the power of the chancellor on plaintiff's motion to amend his decree to accomplish enlargement of the decree's property award. *Ratcliffe* v. *Ratcliffe,* 308 Mich 488, 493, 494; *Gmelin* v. *Gmelin,* 324 Mich 590; and *Pierson* v. *Pierson,* 351 Mich 637. We conclude that plaintiff was not barred by *res judicata* from pursuing her remedy against defendants in this action at law, her earlier efforts therefor having been inappropriate for the results sought.

Defendants further claim that the trial judge failed to credit defendant Schwalk for real-estate taxes paid by him pending appeal in the chancery case.

The trial judge's opinion discloses he allowed defendants credit for $1,326.79 for "all utility bills, heating bills, and furnace repairs." The record discloses only $933.31 for such expenses, $393.48 less than the amount credited to defendants. That latter figure, however, is precisely the amount claimed by defendants to have been paid by Schwalk for taxes. It is reasonable to assume the trial judge inadvertently omitted from his opinion reference to his inclusion of such amount for the taxes paid in computing the credits due defendants. In any event, contrary to defendants' claim, they received credit for payment of such taxes and are entitled to no more.

We affirm the judgment. Costs to plaintiff.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, OTIS M. SMITH, and ADAMS, JJ., concurred.