### VANREKEN v ALLSTATE INSURANCE COMPANY

Docket No. 81082. Submitted December 4, 1985, at Lansing.—Decided February 26, 1986. Leave to appeal denied, 426 Mich —.

Plaintiffs Michael R. and Fleeta J. Davis conveyed a house to plaintiffs Harriet and Stanley VanReken. The house was insured under a homeowner's policy in the name of the Davises issued by defendant Allstate Insurance Company. The house was conveyed subject to a mortgage upon which the Davises remained personally liable. The warranty deed was not immediately recorded. The VanRekens requested an assignment of insurance from the Davises. The Davises' insurance policy was a homeowner policy and was designed to cover only dwellings which are owner-occupied. The VanRekens bought the home for rental purposes. The VanRekens mailed the assignment request to Allstate. The assignment form itself indicated that the dwelling was not owner-occupied because the VanRekens' address was different than the address of the insured home. Pursuant to statute, the Davises' policy expressly prohibited assignments of fire insurance without the written consent of the company. Allstate declined to accept an assignment of the homeowner policy. After receiving the rejection of assignment, Mr. VanReken called Allstate's office and talked with a B. Hill, and was assured that Allstate would make the necessary arrangements to provide him proper coverage. However, Mr. VanReken could not remember if Hill was male or female or what capacity he or she held. Neither the Davises nor the VanRekens ever received a cancellation notice. On April 1, 1980, Allstate renewed the Davis homeowner's policy upon receiving the annual premium. On May 2, 1980, a fire totally destroyed the house. After the loss occurred, Allstate refused payment, arguing that the Davises had no insurable interest in the property beyond the amount of the underlying mortgage,

REFERENCES

Am Jur 2d, Appeal and Error §§ 939 et seq.

Am Jur 2d, Damages §§ 366, 367.

Am Jur 2d, Insurance §§ 943 et seq.

See the annotations in the ALR3d/4th Quick Index under Insurable Interest; Remittitur.

that Allstate had expressly rejected an attempt by the Davises to assign the insurance policy to the VanRekens, that the house was not owner-occupied as required by the policy, and that the house was rented out at the time of loss, triggering the exclusion forbidding operation of a business on the premises. The VanRekens and the Davises brought suit in the Oakland Circuit Court against Allstate to recover for the damage done to the property by the fire. Prior to trial, Allstate paid the mortgage company the balance due on the mortgage note. The jury awarded $32,500 to the Davises in damages but awarded nothing to the VanRekens. The court, Robert Charles Anderson, J., granted judgment on the jury verdict. Defendant appealed. *Held:*

1. The jury verdict that, although Allstate did not consent to the assignment, it had knowledge of the property transfer and was prevented from denying coverage was supported by the evidence and the Court of Appeals declined to reverse it.

2. The court should have granted *remittitur* so that the amount of the jury award and the amount paid on the mortgage note equaled the policy limits.

Affirmed in part, reversed in part and remanded.

1. INSURANCE — INSURABLE INTEREST.

Recovery on an insurance contract is precluded unless the beneficiary has an insurable interest in the subject of the policy; the existence of an insurable interest in property is determined by whether the insured will suffer a pecuniary loss as a result of the destruction of the property.

2. APPEAL — *REMITTITUR.*

The Court of Appeals will reverse a trial judge's decision to grant or deny *remittitur* only if there was an abuse of discretion; the Court will substitute its judgment for that of the jury only where the verdict has been secured by improper methods, prejudice or sympathy, or where it is so excessive as to shock the judicial conscience.

*Arthur J. Clyne, P.C.* (by *Arthur J. Clyne),* for plaintiff.

*Garen, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Steven P. Iamarino),* for defendant.

Before: CYNAR, P.J., and WAHLS and GRIBBS, JJ.

PER CURIAM. Defendant, Allstate Insurance Company, appeals as of right from a jury verdict in favor of plaintiffs Michael and Fleeta Davis for fire damage to a home which the Davises had sold to plaintiffs Stanley and Harriet VanReken prior to the fire.

The Davises conveyed the property to the Van-Rekens by warranty deed subject to a mortgage upon which the Davises remained personally liable. The warranty deed was not recorded immediately. After the sale, Allstate continued to insure the home under a homeowner's policy in the Davises' name. After the loss occurred, Allstate refused payment, arguing that the Davises had no insurable interest in the property beyond the amount of the underlying mortgage, that Allstate had expressly rejected an attempt by the Davises to assign the insurance policy to the VanRekens, that the house was not owner-occupied as required by the policy, and that the house was rented out at the time of loss, triggering the exclusion forbidding operation of a business on the premises. Prior to trial, Allstate paid the mortgage company the balance due on the mortgage note. The jury awarded $32,500 to the Davises in damages but awarded nothing to the VanRekens.

Stanley VanReken is a real estate investor who buys, sells, and rents single-family dwellings. On July 14, 1979, the Davises conveyed their Detroit home to the VanRekens in exchange for a home located in Warren, which the VanRekens owned. The conveyance was by warranty deed and "subject to" the underlying mortgage. With the sale, the VanRekens took over payments on the monthly mortgage. However, the Davises remained personally liable on the mortgage. Also, as part of the transaction, the VanRekens received an assignment of the funds held in escrow by the

mortgage company. Part of each monthly mortgage payment continued to be placed in the escrow account to provide for insurance on the home.

The VanRekens requested an assignment of insurance from the Davises. The Davises' insurance policy was a homeowner policy and was designed to cover only dwellings which are owner-occupied. The VanRekens bought the home for rental purposes. The VanRekens mailed the assignment request to Allstate. An Allstate underwriter testified that the assignment form itself indicated that the dwelling was not owner-occupied because the VanRekens' address was different than the address of the insured home. Pursuant to statute, MCL 500.2832; MSA 24.12832, the Davises' policy expressly prohibited assignments of fire insurance without the written consent of the company. Allstate declined to accept an assignment of the homeowner policy and responded:

"I'm sorry but I cannot honor this assignment because under the terms of a homeowner policy, the named insured must be living in the dwelling. May we help you?
"E. Freeman"

Mr. VanReken testified that, after he received the rejection of assignment, he called Allstate's office and talked with a B. Hill, and was assured that Allstate would make the necessary arrangements to provide him proper coverage. However, Mr. VanReken could not remember if Hill was male or female or what capacity he or she held. Neither the Davises nor the VanRekens ever received a cancellation notice. The VanRekens did not give any further thought to insurance for the Hilldale home until it was destroyed by fire. Mr. VanReken testified that he owned over 400 homes

and did not have the time to follow up on every loose end.

There was evidence that Allstate was negligent in failing to cancel the Davises' homeowner's policy when it rejected the request for assignment. Thomas McCloskey, a fire claims specialist for State Farm Insurance Company, testified that he had been in claims evaluations for 16 to 17 years and that he was familiar with the industry standards set by the Melborn Institute. According to these standards, if an insurance company refuses to accept an assignment request, the company has only two options—cancel the contract or rewrite the risk into the proper program of coverage. At first, the Allstate underwriter seemed to imply that, in addition to the two options cited by McCloskey, an insurance company, upon rejecting an assignment, also had the option of simply issuing the rejection and doing nothing else. However, when asked why a company would reject an assignment but not cancel the underlying policy, the Allstate underwriter testified, "rejecting and cancel are kind of synonymous". Also, a January 26, 1981, letter from Allstate informed the Davises that Allstate was at that time planning to settle with them "as Allstate did fail to cancel the policy upon notification of denial of assignment".

On April 1, 1980, Allstate renewed the Davises' homeowner's policy upon receiving the annual premium from the mortgage company. On May 2, 1980, a fire totally destroyed the house, killing two of the tenants. The surviving tenants have brought wrongful death actions against the VanRekens and the Davises for failure to have smoke alarms in the home, as required by a Detroit ordinance. However, the jury was never informed of the deaths or the other suits. During the course of this litigation, the Davises and the VanRekens have

been represented by the same attorney. The instant suit seeks only recovery for damage to the dwelling. No claim has been made for contents. During trial both counsel stipulated to the replacement cost of the house in May, 1980, and agreed that the policy limit was $36,000. Prior to trial, Allstate paid the mortgage company $12,500, the amount outstanding on the mortgage note. However, the jury was informed that this payment was not an admission of liability but was paid because the insurance contract created a direct obligation to the mortgage company which was not dependent on Allstate's obligation to the insureds.

During closing argument, the plaintiffs argued that Allstate had renewed the Davises homeowner's policy and accepted the premiums with full knowledge that the home was not owner-occupied; therefore, Allstate should be precluded from denying coverage on that basis after the occurrence of loss. Plaintiffs also argued that Allstate failed to cancel and that, if Allstate had properly canceled, plaintiffs would have secured other insurance.

Allstate argued that the VanRekens could not recover because it had rejected the VanRekens' request for assignment, that the Davises could not recover because they had transferred all interest to the VanRekens and thus had no insurable interest, and that plaintiffs had violated the terms of the contract because the house was not owner-occupied and because the house was being rented out. Allstate also argued, as it continues to do on appeal, that it had no knowledge before the loss occurred that the house was not owner-occupied. However, according to the answer to question two in the jury verdict form, the jury found otherwise.

In response to Allstate's argument that plaintiffs had violated the terms of the contract, plaintiffs

admitted that the house was being rented, but relied upon a provision in the policy which read:

"This insurance should not be prejudiced by any act or neglect of any person other than insured when such acts or neglect is not within the control of the named insured."

Plaintiffs argued that the VanRekens had rented the property out and that the Davises' insurance coverage should not be prejudiced by the VanRekens' acts, which the Davises could not control.

The jury was given a special verdict form and found as follows:

"1. Did Plaintiffs Michael and Fleeta Davis intend to transfer all of their ownership interest in the 114 East Hilldale property to Plaintiffs Stanley and Harriet Van-Reken by the execution of the warranty deed dated July 24, 1979?
"          Yes

"2. Did Defendant Allstate Insurance Company have knowledge of the actual transfer of the 114 East Hilldale property prior to the May 2, 1980 fire?
"          Yes

"3. Did Defendant Allstate Insurance Company consent, in writing, to an assignment of the subject insurance policy from Plaintiffs Davis to Plaintiffs Van-Reken?
"          No

"4. Is Allstate Insurance Company prevented from denying coverage for any reason based upon the facts in this case?
"          Yes

"If your answer to Question No. 3 is 'yes', skip Question No. 5 and proceed to Question No. 6.

"5. Did Plaintiffs Michael and Fleeta Davis breach their contract of insurance with the Allstate Insurance Company?
"          No

"6. Did Plaintiffs Stanley and Harriet VanReken breach their contract of insurance with Defendant Allstate Insurance Company?

"       No

"7. If you find for Michael and Fleeta Davis, what were there damages?

"       $32,500.00

"8. If you find for Stanley and Harriet VanReken, what were their damages?

"       $0      "

Throughout the entire proceedings, Allstate consistently maintained that the Davises had no insurable interest beyond the mortgage obligation which had been satisfied. The trial court, however, repeatedly declined to determine the extent of the Davises' insurance interest. On appeal, Allstate argues that the Davises' insurable interest was limited to their financial stake in the property, in this case their $12,500 mortgage obligation and, hence, they were not entitled to recover in excess of their financial interest.

We agree with Allstate that Michigan law prohibits recovery on an insurance contract unless the beneficiary has an insurable interest in the subject of the policy. *Agricultural Ins Co of Watertown, New York v Montague*, 38 Mich 548, 551 (1878); *Sun Life Assurance Co of Canada v Allen*, 270 Mich 272; 259 NW 281 (1935). It is equally well-established that one's insurable interest is not determined by the label attached to the insured's property right, but rather by whether the insured will suffer a pecuniary loss as a result of the destruction of the property. *Crossman v American Ins Co of Newark, NJ*, 198 Mich 304; 164 NW 428 (1917). While our review of the record suggests that the Davises may have agreed to surrender any proceeds they receive from the insurance company to the VanRekens, this issue was not developed either at trial or on appeal. Rather, the

evidence presented at trial established that the Davises' interest in the property was their $12,500 personal liability on the mortgage obligation.

While generally we would agree that the Davises lacked an insurable interest beyond the mortgage obligation, the unusual facts presented in the instant case preclude us from deciding the case on this basis. The evidence presented at trial established that Allstate received notice of the purported assignment but failed to cancel. Furthermore, expert testimony established that, if an insurer refuses to accept an assignment it has only two alternatives: either cancel the contract or rewrite the policy to include the risk. Finally, not only did Allstate fail to execute either option, but it renewed the Davises' policy even after informing the VanRekens of the rejection of the assignment.

Based on these facts the jury apparently concluded that the Davises, the named insureds, were entitled to recover under the terms of the insurance contract. In response to the special verdict form the jurors found that, although Allstate did not consent to the assignment, it had knowledge of the property transfer and was prevented from denying coverage. The jury's verdict is supported by the evidence and we decline to reverse.

In addition, we note that our affirmance does not violate the public policy which underlies the "insurable interest" rule. "Policies of insurance founded upon mere hope and expectation and without some interest in the property, or the life insured, are objectionable as a species of gambling, and so have been called wagering policies." *Crossman, supra,* p 308. This policy has no application to the present case. Far from being a wagering contract, Allstate conceded that the Davises had an insurable interest of $12,500. In addition, as we earlier indicated, the record suggests that the

Davises may actually have a pecuniary interest beyond the mere mortgage obligation.

Allstate also claims that, even if recovery is permitted, the jury award was excessive and Allstate's motion for *remittitur* should have been granted. Allstate argues that, since the policy limit was $36,000, of which $12,500 had been paid to the mortgage company, the jury award should be reduced to $23,500.

This Court will reverse a trial judge's decision to grant or deny *remittitur* only if there has been an abuse of discretion. *Gillispie v Bd of Tenant Affairs of the Detroit Housing Comm,* 122 Mich App 699; 332 NW2d 474 (1983), *lv den* 417 Mich 1100.37 (1983). *Remittitur* should be granted when the verdict has been secured by improper methods, prejudice, or sympathy or where it is so excessive that it shocks the judicial conscience. *Jenkins v Southeastern Michigan Chapter, American Red Cross,* 141 Mich App 785, 798; 369 NW2d 223 (1985); GCR 1963, 527.6, now MCR 2.611(E).

In the instant case, the parties stipulated during trial that the policy limit was $36,000 at the time of the fire. It is undisputed that Allstate paid the Davises' $12,500 obligation on the mortgage note. The jury award of $32,500 combined with the $12,500 payment clearly exceeds the policy limit; hence, we conclude that *remittitur* should have been granted and the award reduced to $23,500. *Gibson v Group Ins Co of Michigan,* 142 Mich App 271; 369 NW2d 484 (1985).

Affirmed in part, reversed in part and remanded.