CENOVSKI, INC v MICHIGAN MUTUAL INSURANCE COMPANY

Docket No. 137606. Submitted March 3, 1993, at Lansing. Decided July 19, 1993, at 10:05 A.M.

Cenovski, Inc., brought an action in the Macomb Circuit Court against Michigan Mutual Insurance Company, seeking payment under the comprehensive coverage provision of a motor vehicle insurance policy issued by the defendant for a loss caused by the theft and destruction by fire of a covered vehicle. The plaintiff was the titleholder of the damaged vehicle, but the policy had been issued to Club Monte Carlo, Inc., and the endorsement making the plaintiff a named insured restricted that status to no-fault and liability coverage. The plaintiff claimed that it was a named insured under the comprehensive coverage and was entitled to benefits or, in the alternative, sought that the court reform the contract to reflect that status. The court, Robert J. Chrzanowski, J., granted summary disposition for the defendant, holding that the plaintiff was not a named insured under the comprehensive coverage and was not entitled to recover. The plaintiff appealed.

The Court of Appeals *held:*

1. A declaration that the endorsement that added the plaintiff as a named insured only with respect to no-fault and liability coverage was void would be of no avail to the plaintiff, because such a declaration would not result in comprehensive coverage being extended to it.

2. The question whether the defendant should be estopped from denying coverage was not raised in the trial court and will not be heard for the first time on appeal.

3. Although the trial court properly granted summary disposition for the defendant with respect to the plaintiff's claim that it was a named insured, the plaintiff should be afforded the opportunity to amend its pleadings to include a claim that it is entitled to comprehensive coverage as a third-party beneficiary.

Affirmed and remanded.

*O'Reilly, Rancilio, Nitz, Andrews & Turnbull, P.C.* (by *Frank Krycia*), for the plaintiff.

*Dan Thomas Ryan,* for the defendant.

Before: MICHAEL J. KELLY, P.J., and MARILYN KELLY and CONNOR, JJ.

CONNOR, J. Plaintiff, Cenovski, Inc., appeals as of right the trial court's summary dismissal of its claim against defendant Michigan Mutual Insurance Company. We affirm the dismissal, but remand for further proceedings.

Cenovski was titleholder of a limousine that was stolen and destroyed by fire. Michigan Mutual had promised to pay for any loss to the vehicle as part of a contract of insurance it had with Club Monte Carlo, Inc.[1] Club Monte Carlo and Cenovski appear to be separate corporations owned and operated by the same people. Cenovski was not the named insured in that portion of the policy that provided comprehensive coverage for losses to covered autos caused by theft or fire.[2]

Cenovski filed a claim with Michigan Mutual. Michigan Mutual denied the claim on the basis that Cenovski was not the named insured. Cenovski then instituted this action, claiming that it was a named insured that was entitled to benefits or requesting that the court reform the contract to reflect its interest. On cross-motions for summary disposition brought pursuant to MCR 2.116(C)(9) and (10), the trial court ruled that the policy did

---

[1] Cenovski was a named insured, and thus a party to the contract, but only with respect to insurance coverage not at issue.

[2] Club Monte Carlo had contracted for no-fault, liability, collision, and comprehensive insurance with Michigan Mutual on another limousine it did not own. In separate endorsements to the policy, the limousine at issue was added as a covered auto, and Cenovski, as titleholder of the second limousine, was added as a named insured, but only with respect to the no-fault and liability coverages that are not at issue in this case.

not provide the coverage claimed and dismissed Cenovski's claim against Michigan Mutual.[3]

Cenovski first asks this Court to declare void the endorsement to the insurance contract that added it as a named insured only with respect to coverages not at issue. We fail to see how granting the proposed relief would alter the trial court's grant of summary disposition. With or without the endorsement, the insurance policy would not provide Cenovski the coverage claimed.

Cenovski next contends that Michigan Mutual should be estopped from denying coverage. Because this argument was not advanced below, we decline to address it for the first time on appeal. But see *Johnson v American Fidelity Fire Ins Co,* 351 Mich 515; 88 NW2d 913 (1958).

We affirm the trial court's summary dismissal of Cenovski's claim that Michigan Mutual was obligated to pay it benefits payable under the comprehensive coverage solely because it was a named insured with respect to other insurance coverage not at issue. However, we find the trial court's ruling may have impermissibly foreclosed Cenovski from amending its complaint pursuant to MCR 2.116(I)(5) to state a claim against Michigan Mutual that might be viable.

The trial court ruled that the insurance policy did not provide coverage for the loss of the vehicle. This is simply not accurate. The limousine was a covered auto under the policy, and the policy included a promise to pay for losses to covered autos resulting from theft and fire. The dilemma confronting Cenovski is not that the policy does not purport to provide comprehensive insurance

---

[3] Cenovski's claim that its insurance agent, defendant Zervos Agency, Inc., was negligent in applying for insurance on the vehicle in Club Monte Carlo's name was not dismissed and is not part of this appeal.

on the vehicle, but that the named insured with respect to that coverage is Club Monte Carlo, not Cenovski.

Michigan Mutual could not be required to pay Club Monte Carlo for the loss, because Club Monte Carlo had no insurable interest in the vehicle. See *Agricultural Ins Co v Montague,* 38 Mich 548, 551 (1878); *VanReken v Allstate Ins Co,* 150 Mich App 212, 219; 388 NW2d 287 (1986). Michigan Mutual further maintains that no promise to pay for the loss was ever made to Cenovski, because Cenovski was not the named insured in that portion of the contract covering damages from theft and fire.

A nonparty to a contract has the right to enforce a promise in a contract where that promise is made for its benefit. See MCL 600.1405; MSA 27A.1405. Club Monte Carlo's application for insurance stated that Cenovski was titleholder of the vehicle. Michigan Mutual promised Club Monte Carlo it would pay for losses to the vehicle. The policy does not specify to whom Michigan Mutual promised to pay insurance benefits for any losses to the vehicle, but the policy expressly purports to provide excess insurance on covered vehicles not owned by Club Monte Carlo.

In *Allstate Ins Co v Keillor,* 190 Mich App 499; 476 NW2d 453 (1991), rev'd on other grounds sub nom *Allstate Ins Co v Hayes,* 442 Mich 56; 499 NW2d 743 (1993), this Court found a nonparty was not an intended beneficiary of an insurance contract. However, that decision was based on a determination that the policy only created a contractual promise to indemnify the insured for sums the insured became legally obligated to pay. *Id.* at 502. This Court found the third party making the claim against the insured had not been an intended beneficiary of the promise because, viewed objectively, the promise contained in the liability

contract primarily benefited the insured, and the benefit to the third party was incidental. *Id.*

In contrast, in this case the promise to pay is not limited to a loss suffered or liability incurred by a named insured. Michigan Mutual promised to pay for a loss to a covered auto. Michigan Mutual assessed a premium designed to cover the risk and collected the premium for a considerable period of time, including a renewal. Viewed objectively, a reasonable factfinder could determine that Michigan Mutual's promise to pay had been made for Cenovski's benefit, and, consequently, Cenovski has the right to enforce the promise Michigan Mutual made to Club Monte Carlo.[4]

We remand the case to the trial court to give Cenovski an opportunity to amend its complaint to include a third-party beneficiary claim under MCL 600.1405; MSA 27A.1405.

Affirmed and remanded.

---

[4] Because Club Monte Carlo's application also includes a representation that it owned the vehicle Cenovski held title to, we think the objective intent of the parties, discerned from the contract itself, *Allstate, supra* at 501-502, is a question best left to the trier of fact.