HOVEN *v.* HOVEN.

1. Appeal and Error—Questions Reviewable—Antenuptial Agreement.

The Court of Appeals does not consider an issue relative to an antenuptial agreement raised on appeal, where it does not warrant discussion.

2. New Trial—Discretion of Court.

The grant or denial of a new trial is a matter in the discretion of the trial court.

3. Same—Discretion of Court.

Appellate courts, as a general rule, will not disturb a trial court's denial of a motion for a new trial unless there has been a clear abuse of discretion.

4. Same—Court Rules—Newly Discovered Evidence.

Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at trial is, under court rule, a proper basis for granting a new trial (GCR 1963, 527.1[6]).

5. Same—Newly Discovered Evidence.

The requisites of newly discovered evidence to justify a new trial are (1) that the evidence itself and not merely its materiality is newly discovered, (2) that it is not merely cumulative, (3) that it is such as renders a different result probable on retrial and (4) that the party offering it could not with reasonable diligence have discovered and produced it at trial (GCR 1963, 527.1[6]).

---

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 702 *et seq.*
[2] 39 Am Jur, New Trial § 22.
[3] 5 Am Jur 2d, Appeal and Error § 850 *et seq.*
[4, 6–8, 10] 39 Am Jur, New Trial § 156 *et seq.*
[5] 39 Am Jur, New Trial § 158.
[9] 39 Am Jur, New Trial § 26 *et seq.*

6. DIVORCE—NEWLY DISCOVERED EVIDENCE—DISCRETION OF COURT.

Motion for new trial by defendant husband who, following grant of divorce to plaintiff wife discovered letters indicating clandestine relationship between wife and another man during marriage, *held*, properly denied where, at the hearing on the motion, defendant admitted that he had suspected such conduct for a number of years, but failed to present any evidence or question plaintiff about it at trial, since the grant or denial of a motion for new trial on the basis of newly discovered evidence is a matter largely within the discretion of the trial court, and such discretion will not be disturbed on appeal where, as here, the record indicates that the moving party, with diligence, could have discovered and presented his evidence at the trial (GCR 1963, 527.1[6]).

7. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

Motions for new trial on the ground of newly discovered evidence are not favored by the courts, since the policy of the law is to avoid the mischief that would attend the granting of such relief and to promote all diligence in securing and presenting evidence at trial (GCR 1963, 527.1[6]).

8. SAME—NEWLY DISCOVERED EVIDENCE.

Rules relating to grant of new trial on the basis of newly discovered evidence are generally applied against the party seeking a new trial, absent a proper showing that the party is entitled to such relief within the intent of the court rule and the case law (GCR 1963, 527.1[6]).

9. DIVORCE—NEW TRIAL—LACK OF COUNSEL.

Claim by defendant, who appeared unrepresented by counsel at adjourned trial for divorce, announcing that he would represent himself, that trial court committed reversible error in allowing him to withdraw his answer and proceed to trial unrepresented because he was ill and confused at the time *held*, without merit, where the record shows that defendant was represented by counsel whom he dismissed on the day initially set for trial, that defendant was given an adjournment to obtain counsel, that he appeared at the adjourned trial 3 months later without counsel, that the divorce matter was discussed with the trial judge in chambers for about 2 hours before the trial and defendant's conduct during trial indicated that he fully understood the nature and import of the proceedings, particularly where there is no justification for the failure to obtain counsel, since a party who elects to proceed without counsel is bound by such election and the burdens that accompany it.

10. Judgment—New Trial—Termination of Litigation.
  There must be some stage of litigation which the parties can
    look to as final and begin to live their lives in accordance
    with a final determination, and the courts will not grant a
    motion for new trial where a party has had his day in
    court.

Appeal from Grand Traverse; Brown (Charles L.), J. Submitted Division 3 June 6, 1967, at Grand Rapids. (Docket No. 1,652.) Decided December 7, 1967.

Catherine O. Hoven was granted an absolute divorce from Arthur H. Hoven. Defendant's motion for new trial denied. Defendant appeals. Affirmed.

*Zerafa & Zerafa,* for plaintiff.

*Philip A. Clancey,* for defendant.

Wise, J. The plaintiff, Catherine O. Hoven, filed a complaint in the circuit court for Grand Traverse county, against the defendant, Arthur H. Hoven, praying for an absolute divorce, the custody of a minor child, property settlement and attorney fees. An appearance and answer were filed in the defendant's behalf, by his attorney, praying that the complaint be dismissed.

On October 5, 1964, the matter was brought on for a hearing on its merits with all parties present. At the time of the hearing, certain differences developed between the defendant and his attorney which prompted the court to grant the attorney permission to withdraw from the case. Thereupon the court ordered the defendant to procure other counsel no later than October 15, 1964, after which a new date would be set.

The new date was set for January 15, 1965, but on that date the defendant appeared without counsel

and advised the court that he had elected to represent himself. Before proceeding, the trial judge, the defendant, the plaintiff and her counsel went into the trial judge's chambers where the matter of divorce and the rights of the parties were discussed. After about two hours the defendant stated in open court that he would not offer any proofs as far as the divorce was concerned and that the plaintiff could proceed to take the divorce as a matter of default.

The judgment of divorce was entered and filed on November 8, 1965. Pursuant to the judgment, the defendant was to pay up to $2,000 each year toward the education of the minor child and $8.50 per week toward her support. As to the property, the court awarded the plaintiff $15,000 and she was given a lien on the property to secure her interest.

On the same day the defendant, now represented by counsel, filed a motion for a new trial and to modify the property settlement. In support of his motion the defendant contended that at the time of the proceeding he was not represented by counsel, was ill, and could not understand the nature and import of the proceedings, and that since the entry of the judgment the defendant had discovered certain letters addressed to his wife from "Mr. X." revealing the existence of a clandestine relationship between the two which if brought to the court's attention at the time of the proceedings would have influenced the outcome. The defendant also contended that there existed an antenuptial agreement releasing him from any financial demands made by the plaintiff.

A hearing on the motion for a new trial was had on December 14, 1965. On December 17, 1965, the trial court entered its order denying the motion and upholding the original judgment. It is from that

adverse ruling that the defendant brings the present appeal.

On appeal the defendant raises three questions. The question relative to an antenuptial agreement does not warrant discussion. The other questions are as follows:

1. Did the trial court abuse its discretion by allowing the plaintiff to proceed to take the divorce as a matter of default?

2. Did the trial court err in refusing to set aside the default judgment, on the basis of newly discovered evidence?

The grant or denial of a new trial is a matter addressed to the discretion of the trial court. *Cataldo* v. *Winshall* (1966), 2 Mich App 442; *Teller* v. *George* (1960), 361 Mich 118. Appellate courts as a general rule will not disturb the trial court's determination to deny a motion for a new trial unless there has been a clear abuse of that discretion.

The defendant directs our attention to GCR 1963, 527.1(6) which allows a new trial upon the basis of newly discovered evidence. The pertinent section of the court rule reads:

"A new trial may be granted * * * for any of the following causes: * * *

"(6) Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at trial."

Aside from the court rule and its clear meaning, case law has enumerated the requisites that must be present before newly discovered evidence justifies a new trial. *Canfield* v. *City of Jackson* (1897), 112 Mich 120; *Marion* v. *Savin* (1946), 315 Mich 448; *Reardon* v. *Buck* (1952), 335 Mich 318; *Hainault* v. *Vincent* (1961), 365 Mich 370. These cases stand for the proposition that before newly discovered

evidence warrants a new trial the moving party must show (1) that the evidence itself and not merely its materiality is newly discovered; (2) that it is not merely cumulative; (3) that it is such as renders a different result probable on retrial; and (4) that the party could not with reasonable diligence have discovered and produced it at trial.

It does not appear to this Court that the defendant has satisfied the requirement that the party could not with reasonable diligence have discovered and produced it at trial. At the hearing on the motion for a new trial the record reveals the following colloquy between the defendant and the trial court, relative to the new evidence:

*"The Court.* .These other things in these letters, those were things that just hurt your feelings when you read them, didn't they?

*"The Witness.* No, I suspected it was going on for the last number of years, and it bothered me."

It is apparent that the "it" the defendant was referring to was the relationship that evidenced itself in the letters he was urging the court to notice. Since defendant became aware of "it" several years in the past, it is valid to assume that he could have endeavored to corroborate his suspicion with facts. The record is lacking any evidence to indicate that the defendant was diligent in acting upon his suspicions after having been alerted that his wife was perhaps guilty of certain indiscretions. Further, the failure of the defendant to question the plaintiff in open court relative to his suspicions is an additional indication that the defendant was remiss in ascertaining the basis of his beliefs.

We therefore find that the defendant has failed to make a showing that the new evidence could not have been discovered with reasonable diligence. *Buchthal* v. *New York Central R. Co.* (1952), 334

Mich 556; *Hainault* v. *Vincent, supra.* A motion for a new trial upon the ground of newly discovered evidence is not favored by the courts in that the policy of the law is to avoid the mischief that would attend the granting of such relief and to promote diligence in securing and presenting evidence at trial. In the absence of a proper showing, within the intent of the court rule and the case law, the grant of such relief is generally applied against the party seeking a new trial on the basis of newly discovered evidence. *Reardon* v. *Buck, supra; Schwalk* v. *Schwalk* (1958), 352 Mich 383; *Murchie* v. *Standard Oil Company* (1959), 355 Mich 550; *Hainault* v. *Vincent, supra.*

Last the defendant contends that the trial court was in error in allowing the plaintiff to proceed to take the divorce as a matter of default. We find no merit in this position. The record is lacking evidence to support the contention that the defendant was ill and confused.

The defendant contends that because he was not represented by counsel he was not able to participate adequately in the divorce proceedings. No doubt the defendant is correct in his position that being represented by counsel is to the advantage of any person involved in a legal matter. However, this Court can discern no reason for the defendant's failure to retain counsel during the three month interval. The excuse offered by the defendant, that most of the attorneys he might have retained were acquainted with his wife, is not persuasive and certainly inconsistent with the duty of all members of the bar to represent clients adequately and vigorously in spite of an acquaintance with the opposing party. We hold that the defendant is bound by his election to proceed without counsel and is also bound by the burdens that accompany such election.

The record of this case reveals that this matter has been pending since October, 1963. There must be some stage of litigation which the parties involved can look to as final and begin to live their lives in accordance with a final determination. The defendant has had his day in court and we find no reason to have this matter continued. The language of Justice VOELKER in *Knowlton* v. *City of Port Huron* (1959), 355 Mich 448, 456, is particularly applicable to this case and reflects the thinking of this Court. It reads:

"This claimed right to 'sue till something gives' cannot be sound law. There must be an end of litigation, and out of sheer self-defense and considerations of broad public policy our courts cannot gladly permit repeated litigation of the same old question under the circumstances appearing in this case."

We conclude, based upon the facts and the issues raised, that the denial of the defendant's motion for a new trial was not an abuse of discretion.

Affirmed. Costs awarded to appellee.

HOLBROOK, P. J., and BURNS, J., concurred.