CURYLO v CURYLO

Docket No. 51263. Submitted December 12, 1980, at Lansing.—Decided March 4, 1981.

Nora Curylo filed a complaint against Paul Curylo for divorce in the Livingston Circuit Court on November 3, 1977, and the court, Paul R. Mahinske, J., entered an *ex parte* order granting temporary custody of the three minor children to her. Trial was conducted on November 3, 8, and 9, 1978. At the close of proofs, the court directed both parties to submit written closing arguments within ten days and allowed three more days for written rebuttal. No decision was made until January 20, 1980, when the court filed an opinion. Judgment was entered March 5, 1980. Defendant moved for a new trial, alleging that circumstances had changed as regarded the children's best interests between the time of trial and the rendering of the opinion. Defendant filed an affidavit alleging, *inter alia*, that plaintiff had neglected the children to devote herself to her career, that plaintiff had changed jobs, that since the time of trial he had been primarily responsible for the children's care, that the eldest child now wished to reside with him, and that he had new witnesses prepared to testify that it would be in the children's best interests if he was made the custodial parent. Plaintiff filed an answer denying all of these factual allegations. Thereafter, defendant petitioned the court to change custody, contending that the circumstances had substantially and materially changed since the time of trial. In particular, defendant averred that the preferences of the children had changed. On this same date, defendant appealed to the Court of Appeals and moved for immediate consideration and a stay of

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 4 Am Jur 2d, Appeal and Error § 18.
   5 Am Jur 2d, Appeal and Error §§ 772-775.
[3] 5 Am Jur 2d, Appeal and Error § 851.
   58 Am Jur 2d, New Trial §§ 212, 213.
[4] 24 Am Jur 2d, Divorce and Separation §§ 784, 820.
   42 Am Jur 2d, Infants §§ 44-47.
[5] 24 Am Jur 2d, Divorce and Separation § 933.
[6] 24 Am Jur 2d, Divorce and Separation § 573.

all proceedings. The motion for immediate consideration was granted; the stay was not. A hearing was held on defendant's petition to change custody. The lower court referred the matter to the Friend of the Court for additional investigation. At a hearing on May 19, 1980, the parties agreed that one child could stay in plaintiff's father's custody temporarily. The trial judge again refused to interview the child concerning his custodial preference. On June 6, 1980, the judge entered a temporary custody order pursuant to the agreement of the parties. *Held:*

1. The trial court did not abuse its discretion in refusing to allow the defendant to relitigate issues already heard by the court but not decided for 14 months where he failed to move for a speedy decision.

2. A trial court's decision to deny a new trial where newly discovered evidence is the asserted ground will not be overturned absent an abuse of discretion. The allegations that defendant had in large measure cared for the children since the time of trial, that his wife's career interests have interfered with her ability to care for the children and that she had unstable earnings did not present anything new of substance.

3. A change in the preference of the child as to the custodial parent will almost never justify a grant of new trial on the issue.

4. While the trial court's findings are deficient because they do not specify a sum certain for the value of the house or indicate the percentage of equity awarded to each party, the record indicates that defendant received at least 50% of the equity by his own estimation of the value of the house.

5. Decisions regarding the time of valuation of property in a divorce action are matters within the discretion of the trial court. The court did not abuse its discretion in failing to require new testimony on the increased value of the house between the time of trial and the rendering of the decision.

6. Allowance of attorney fees to the wife in a suit for divorce rests in the sound discretion of the trial court.

7. The allegation that the trial court was biased against the defendant raised a moot question since the only relief requested was a different judge to preside over future proceedings and no future proceedings have been ordered.

Affirmed.

1. APPEAL — ABUSE OF DISCRETION.

An abuse of discretion by a trial court in making a determination of fact requires the reviewing court to find that the result is so

palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

2. TRIAL — PROMPT DECISIONS — ABUSE OF DISCRETION.

A litigant should not be the beneficiary of his own questionable acts; a trial court did not abuse its discretion in refusing to allow a litigant to relitigate issues already heard by the court but not decided for 14 months where the litigant failed to move for a speedy decision.

3. APPEAL — NEW TRIAL — ABUSE OF DISCRETION.

A trial court's decision to deny a new trial where newly discovered evidence is the asserted ground will not be overturned absent an abuse of discretion.

4. DIVORCE — CHILD CUSTODY — NEW TRIAL.

A change in the preference of the child as to the custodial parent will almost never justify a grant of a new trial on the issue.

5. DIVORCE — VALUATION OF PROPERTY.

Decisions regarding the time of valuation of property in a divorce action are matters within the discretion of the trial court.

6. DIVORCE — ATTORNEY FEES.

Allowance of attorney fees to the wife in a suit for divorce rests in the sound discretion of the trial court.

*Lavan, Hegarty & Harris,* for plaintiff.

*Kizer, Reader & Miller,* for defendant.

Before: BRONSON, P.J., and J. H. GILLIS and C. L. BOSMAN,* JJ.

BRONSON, P.J. Plaintiff, Nora Curylo, filed a complaint for divorce in the Livingston County Circuit Court on November 3, 1977. At this time the trial court entered an *ex parte* order granting temporary custody of the parties' three minor children to plaintiff. Defendant answered the complaint on December 1, 1977. On January 10, 1978,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

he moved to have custody changed to himself. The court referred the matter to the Friend of the Court for investigation. On July 31, 1978, the Friend of the Court recommended that plaintiff be awarded custody.

Trial was conducted on November 3, 8, and 9, 1978. The testimony which developed at trial will not be summarized as most of it is not germane to the issues on appeal. Where relevant, it will be referred to as it relates to the analysis of specific issues.

At the close of the proofs, the trial judge directed both parties to submit written closing arguments within ten days. Three more days were allowed for written rebuttal arguments. Plaintiff's closing argument was filed on November 17, 1978. Defendant's closing argument, although dated by his attorney November 13, 1978, was not actually date-stamped by the court as filed until January 30, 1980. The opinion of the trial judge was also filed on this date. Custody of the children was awarded to plaintiff.

On February 20, 1978, plaintiff filed a petition for clarification of the court's opinion, pointing out the failure of the trial judge to make specific findings on the factors embodied in MCL 722.23; MSA 25.312(3). At a hearing held March 3, 1980, the court entered a judgment of divorce and orally placed his findings concerning the statutory factors and the best interests of the children on the record.

On March 21, 1980, defendant moved for a new trial, alleging that circumstances had changed as regarded the children's best interests between the time of trial and the rendering of the opinion. At this time, defendant filed an affidavit alleging, *inter alia,* that plaintiff had neglected the children

to devote herself to her career, that plaintiff had changed jobs, that since the time of trial he had been primarily responsible for the children's care, that the eldest child now wished to reside with him, and that he had new witnesses prepared to testify that it would be in the children's best interests if he was made the custodial parent. On April 15, 1980, plaintiff filed an answer denying all of these factual allegations.

Thereafter, on April 30, 1980, defendant petitioned the court to change custody, contending that circumstances had substantially and materially changed since the time of trial. In particular, defendant averred that the preferences of the children had changed. On this same date, defendant appealed to this Court and moved for immediate consideration and a stay of all proceedings. The motion for immediate consideration was granted; the stay was not.

On May 5, 1980, a hearing was held on defendant's petition to change custody. The lower court refused to interview the children again. Instead, it referred the matter to the Friend of the Court for additional investigation. At this time, the trial judge stated:

"All right, I am referring the matter to the Friend of the Court for their investigation, recommendation. I don't see any reason why I should feed into this home situation here. I had nothing but silence for 14 months and then when the Judgment is entered all of a sudden the childrens' [sic] preferences have changed, everybody is bleeding through about every orifice in their body, but not since then.

"The fact of the matter is it would feed right into this situation if I started dragging these children back into Court to interview with me and the Friend of the Court and then their father comes down and their mother

comes down and everybody reports back to them and gives them a blow by blow description."

On May 14, 1980, plaintiff petitioned the court for an order to show cause why defendant should not be held in contempt of court. She claimed that defendant had exercised his visitation rights on May 10, 1980, picked up all three children but did not return the eldest child. The order to show cause was issued. On May 19, 1980, defendant answered stating that the boy would run away from home unless he was allowed to remain with his father. At a hearing on May 19, 1980, the parties agreed that the boy could stay in plaintiff's father's custody temporarily. The trial judge again refused to interview the child concerning his custodial preference. On June 6, 1980, the judge entered a temporary custody order pursuant to the agreement of the parties.

I

Defendant first contends that the trial judge abused his discretion by failing to render an opinion for some 14 months after the close of the proofs. The issue of whether a trial court must render an opinion involving a child custody dispute within a specific time frame is one of first impression. The Child Custody Act of 1970 specifically provides for the prompt establishment of the rights of the children and the rights and duties of the parties involved. MCL 722.26; MSA 25.312(6). However, the act does not give any further meaning to "prompt".

In the context of civil cases involving the lower court's factual determinations or method of action, as opposed to legal interpretation, abuse of discretion has been defined as:

"In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. So tested, we perceive no error in the proceedings below nor in the determination made." *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959).

See, also, *Danyo v Great Lakes Steel Corp,* 93 Mich App 91, 97; 286 NW2d 50 (1979), *lv den* 408 Mich 882 (1980).

The record in this case is devoid of any explanation concerning the delay between trial and the rendering of the opinion. However, for the period of 14-months—during which time defendant continued to reside in the marital home as he desired —neither defendant nor his counsel ever petitioned the judge for a speedy decision. Indeed, defendant failed to file a closing argument until some 14 months after the trial was over. Apparently the delay was in accordance with defendant's wishes. At the very least, defendant did not oppose the delay. In other contexts we have held that a litigant should not be the beneficiary of his own questionable acts or inaction. *People v Bates,* 91 Mich App 506, 516; 283 NW2d 785 (1979), *lv den* 407 Mich 930 (1979) (errors invited by defense tactics may be be assigned as a reason for reversal), *The Hartford Ins Group v Mile High Drilling Co,* 96 Mich App 455, 462-463; 292 NW2d 232 (1980) (a party cannot raise the opposition's failure to answer a request for admissions on appeal where the issue has never been presented to the trial court), *Masters v City of Highland Park,* 97 Mich App 56; 294 NW2d 246 (1980), *lv den* 409 Mich 937 (1980) (a party cannot lay back for a

period of 10 months after the entry of a remand order on an issue upon which it has the burden of proof and then obtain a reversal because the trial court enters judgment prior to hearing the testimony of a witness the indolent party now asserts is important). Here, defendant could have filed his closing arguments within the time period set by the trial court and moved for an immediate decision on the issues presented. Instead, he chose to do nothing for a period of some 14 months and, when he lost on the child custody question, suddenly decided it was imperative for the court to have rendered a decision much earlier. Under these circumstances, we cannot say that the trial court abused its discretion by failing to use more of its valuable time to relitigate in a new trial matters already heard by the court.[1]

## II

The second assignment of error is similar to the first. Defendant also contends that the trial court abused its discretion in denying his motion for a new trial where said motion was based on a change in circumstances during the 14-month delay between the time of trial and the rendering of the decision.

Motions for new trials are governed by GCR 1963, 527. In the instant case, the motion did not specifically state under which subsection of the rule a new trial was sought. An examination of the motion, however, reveals that it could only be premised on GCR 1963, 527.1(6), the discovery of new, material evidence which could not, with rea-

---

[1] Although we find no abuse of discretion in the trial court's delayed rendering of its opinion on the facts of this case, as a general proposition decisions in divorce actions involving custody questions should be rendered with far greater dispatch than is evident here.

sonable diligence, have been discovered and produced at trial.

A trial court's decision to deny a new trial where newly discovered evidence is the asserted ground will not be overturned absent an abuse of discretion. *Murchie v Standard Oil Co,* 355 Mich 550, 562; 94 NW2d 799 (1959), *Hoven v Hoven,* 9 Mich App 168, 172; 156 NW2d 65 (1967), *Moldovan v Allis Chalmers Manufacturing Co,* 83 Mich App 373, 384-385; 268 NW2d 656 (1978), *lv den* 406 Mich 916 (1979), *cert den* 444 US 1034; 100 S Ct 707; 62 L Ed 2d 671 (1980). Moreover, a motion for a new trial on the basis of newly discovered evidence is not regarded with favor. *Hainault v Vincent,* 365 Mich 370, 377; 112 NW2d 569 (1961), *Hoven, supra,* 174.

Defendant's first allegation of changed circumstance was that he had in large measure cared for the children since the time of trial. However, both parties testified at trial that defendant had been an active caretaker of his children since the time the complaint was filed. As such, this allegation presents nothing new of substance.

Defendant also contended that plaintiff had again changed jobs since the time of trial, had demonstrated a lack of stability in earning power, and put her own career above the interests of her children. Plaintiff denied all of these allegations. In any case, assuming, *arguendo,* that defendant could substantially prove these claims, they do not represent a material change from the time of trial. Defendant has always asserted that his wife's career interests have interfered with her ability to care for her children and that she has unstable earnings. The trial judge obviously rejected this claim as significant in his custody decision. There are no specific allegations made by defendant

which suggest that any further testimony concerning plaintiff's employment situation would be anything but cumulative.

Defendant's motion further averred that the parties' oldest child now desired to live with him. While MCL 722.23(i); MSA 25.312(3)(i) makes the reasonable preferences of the children a factor to consider in custody disputes, such preferences need not be given great weight by the court. The judge's initial custody decision was based largely on factors involving the psychological characteristics of the parties. It is evident that the children's preferences were not given great weight by the court. The judge acted within the bounds of his discretion in refusing to place more weight on one of the children's preferences at the time of the motion.

A change in the children's preferences as to the custodial parent will almost never justify the grant of a new trial. The preferences of the children may be too easily influenced by the break-up of the marriage and competition for their love between the parents. If the children's changed preferences required the grant of a motion for a new trial, the courts would be encouraging the parents to use their children as pawns in the marital break-up. This situation would place undue emotional pressure on the children and parents alike. We will do nothing which might encourage immature parents to use their immature offspring in a high stakes game of psychological roulette.

Finally, defendant averred that he had found new witnesses prepared to testify concerning the children's best interests as it relates to custody. However, there was no allegation made that this testimony would have any particular, special relevance or even that these witnesses were newly

discovered. Without question, the trial court was justified in rejecting this contention as the basis for a new trial.

### III

Defendant next submits that the trial court abused its discretion relative to his determination and division of the equity in the marital home. Related to this contention, defendant argues that the court's findings of fact on this point were inadequate and that the court based its determination on stale information. On this issue the trial court's opinion provided:

"Relative to the real estate of the parties hereto the Court has only the testimony of the parties. No professional appraisal of such property was submitted to the Court by either side notwithstanding the fact that the Plaintiff has been employed in the past on a full-time basis as a real estate salesperson. The parties are in substantial difference in their own personal opinions relative to the value of the marital home. The Plaintiff wife testified that in her opinion the value of such home at the time of such testimony was $85,000.00. The Defendant husband testified that in his personal opinion at the time of such testimony said marital home had a value of $75,000.00. Both parties agree that the outstanding lien at that time was $45,000.00 on such home. Taking such testimony into consideration and the Court's own knowledge of the current real estate market this Court is of the opinion that said marital home should be, and hereby is, awarded to the Plaintiff mother free and clear of any claim or interest of Defendant herein except for a $15,000.00 lien on said property by Defendant representing his distributive share. The attorney for the Plaintiff in preparing the Judgment in conformity with this opinion shall recite all the standard and usual provisions calling for payment to defendant of his $15,000.00 lien in said marital home in the event that the parties cannot arrive at

some other agreement relative to Defendant being paid his interest in said marital home."

Defendant argues that these findings are deficient because they do not specify a sum certain for the value of the marital home or indicate the percentage of equity awarded each party. While both assertions are accurate, on the facts of this case no remand to comply with GCR 1963, 517.1 is required.

Defendant testified that the house was worth $70,000 to $75,000. Less the outstanding lien on the home of $45,000, according to him, the parties had an equity interest of $25,000 to $30,000. By defendant's own estimate of the home's worth, he received at least 50% of the outstanding equity. Given his own testimony, we will not now entertain defendant's assertion that there was an inadequate basis for the court's determination relative to the home's value.

Neither party presented expert testimony on the appraisal question. If defendant was really concerned with the amount of the equity interest he would receive from the home, he could have presented expert testimony on this point before the court during trial. Having failed to do so, he has no basis for complaint now.

Defendant further asserts that the trial court should have taken testimony concerning the increase in value of the marital home between the time of trial and the rendering of his decision. Decisions regarding the time of valuation are largely matters within the discretion of the trial court. *Schamber v Schamber,* 41 Mich App 589, 593; 200 NW2d 454 (1972).

In this case, defendant made no offer of proof at any time concerning the correct value to be placed

on the house. He never offered to bring in a professional appraiser nor did he present a motion for supplementation of the record. Moreover, as noted in section I of this opinion, the delay in the rendering of the decision may be attributed to defendant's own inaction. As such, we are unable to find an abuse of discretion on this record.

## IV

The trial court ordered defendant to contribute $500 toward plaintiff's attorney fees for having "unnecessarily put plaintiff herein to additional legal costs, expenses, and attorney fees". Defendant argues that no award of fees should have been made. He contends that he did not unnecessarily aggravate plaintiff's fees and that no fees should be awarded since the earning capacities of the parties are nearly equal.[2]

GCR 1963, 111.6 provides the trial court with the authority to impose an award of reasonable attorney fees where one party's unreasonable allegations exacerbates the fee due. Apart from this rule, a trial court possesses a broad discretion relative to the allowance of attorney fees in a divorce case. *Schilleman v Schilleman,* 61 Mich App 446, 450; 232 NW2d 737 (1975), *lv den* 395 Mich 769 (1975), and cases cited therein. Given the disparity between plaintiff's and defendant's actual earnings and the amount of the fees awarded, our *de novo* review of the record does not convince us that the trial court abused its discretion in this regard.

## V

Defendant also argues that the trial judge was

---

[2] This second claim, of course, undercuts one of the bases for defendant's assertion that he should be the custodial parent, to-wit: that plaintiff has an unstable earning capacity.

biased against him. However, he only seeks to have a different judge preside over any new proceedings mandated by this opinion. Defendant requests no relief from the trial over which the judge sat. Since this opinion does not order further proceedings in this case, this issue as raised by defendant is moot.

In any case, for a trial court to be reversed based on a judge's bias, generally actual bias or prejudice against the moving party must be established. *Irish v Irish,* 59 Mich App 635, 638-639; 229 NW2d 874 (1975). In the case at bar, defendant fails to support his claim of prejudice and bias.

Affirmed.