# STATE OF MICHIGAN

# COURT OF APPEALS

TIMOTHY WASCHA,

      Plaintiff-Appellant,

v

MARIETTA WASCHA,

      Defendant-Appellee.

UNPUBLISHED
March 10, 2016

No. 324808
Genesee Circuit Court
LC No. 14-310502-DO

Before: SAAD, P.J., and SAWYER and HOEKSTRA, JJ.

PER CURIAM.

In this action for divorce, plaintiff appeals as of right the trial court's order granting spousal support in favor of defendant for $2,451 per month. Because the trial court did not clearly err in its factual findings, the trial court did not abuse its discretion in the imputation of income, and the spousal support awarded was not inequitable under the circumstances, we affirm.

Plaintiff and defendant married in 1986, and plaintiff filed for divorce on January 9, 2014. The parties reached a settlement for all issues presented in the divorce except for the issue of spousal support. Specifically, the parties disagreed over plaintiff's actual income and defendant's potential income. The trial court held a bench trial solely on the issue of spousal support, during which the trial court heard testimony from plaintiff, defendant, and a manager at the General Motors, (GM) plant where plaintiff works.

The evidence at trial showed that plaintiff works in the automotive industry and, for the previous three years, he earned approximately $100,000. Nonetheless, plaintiff maintained at trial that he was no longer entitled to overtime at his job, meaning that he would only earn approximately $69,000 annually. In contrast, defendant asserted that plaintiff was purposely refusing overtime hours to lower his income and to avoid paying spousal support. With regard to defendant's income, plaintiff argued that defendant was underemployed, given that defendant was employed as a leasing agent at an apartment complex but had years of experience as a health insurance sales agent, at which she could earn a considerably higher salary. In comparison, defendant insisted that she had not worked in health insurance sales in years, that she was no longer qualified to do so, and that the $22,360 she was making at her current position was the best that she could do.

-1-

Following trial, the court determined that plaintiff had a three-year average income of $106,874.99. Given this figure, the trial court imputed income to plaintiff for overtime hours consistent with what plaintiff had worked in the past, and the trial court determined that plaintiff had a projected income of $110,113.20 for 2014. The trial court did not impute income to defendant. Based on the parties' respective incomes, the trial court awarded spousal support to defendant in the amount of $2,451 per month for 13 years or until defendant's death. Plaintiff later moved for reconsideration, which the trial court denied. Acting in propria persona, plaintiff then filed a motion to reduce spousal support based on a change in conditions. The trial court also denied this motion. Plaintiff now appeals as of right.

On appeal, plaintiff argues that the trial court erroneously calculated the parties' respective incomes. Specifically, plaintiff asserts that the trial court abused its discretion by imputing income to plaintiff based on potential overtime hours, which plaintiff maintains are no longer available to plaintiff. As a factual matter, plaintiff argues that the trial court clearly erred by concluding that plaintiff had voluntarily reduced his hours and refused overtime. Plaintiff also contends that the trial court abused its discretion by refusing to impute income to defendant in light of her experience in the health insurance field. Plaintiff contends that the trial court clearly erred by ignoring evidence that defendant is voluntarily underemployed.

"Whether to award spousal support is in the trial court's discretion, and we review the trial court's award for an abuse of discretion." *Gates v Gates*, 256 Mich App 420, 432; 664 NW2d 231 (2003). "We also review for an abuse of discretion a trial court's decision whether to impute income to a party." *Loutts v Loutts*, 298 Mich App 21, 25-26; 826 NW2d 152 (2012). "An abuse of discretion occurs when a court selects an outcome that is not within the range of reasonable and principled outcomes." *Carlson v Carlson*, 293 Mich App 203, 205; 809 NW2d 612 (2011). On appeal, the trial court's factual findings regarding an award of spousal support are reviewed for clear error. *Loutts*, 298 Mich App at 26. "A finding is clearly erroneous if, after reviewing the entire record, we are left with the definite and firm conviction that a mistake was made." *Id.* "Special deference is given to the trial court's findings when they are based on the credibility of the witnesses." *Woodington v Shokoohi*, 288 Mich App 352, 355; 792 NW2d 63 (2010). "If the trial court's findings of fact are upheld, the appellate court must decide whether the dispositive ruling was fair and equitable in light of those facts." *Id.* "The trial court's decision regarding spousal support must be affirmed unless we are firmly convinced that it was inequitable." *Gates*, 256 Mich App at 433.

"The object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished; spousal support is to be based on what is just and reasonable under the circumstances of the case." *Berger v Berger*, 277 Mich App 700, 726; 747 NW2d 336 (2008). Among the factors to be considered are:

> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect of cohabitation on

a party's financial status, and (14) general principles of equity. [*Id.* (citation omitted).]

"The voluntary reduction of income may be considered in determining the proper amount of alimony." *Moore v Moore*, 242 Mich App 652, 655; 619 NW2d 723 (2000). "If a court finds that a party has voluntarily reduced the party's income, the court may impute additional income in order to arrive at an appropriate alimony award." *Id.* Imputation of income is not permitted to be "purely speculative," but rather must be based on evidence on the record. See *Loutts*, 298 Mich App at 34.

In this case, plaintiff receives an annual base salary of approximately $69,000. The trial court imputed additional income to plaintiff based on the availability of overtime, which plaintiff consistently accepted during the parties' marriage and which plaintiff had only recently begun to refuse. We find no clear error in the trial court's factual findings, and we conclude that the trial court did not abuse its discretion by imputing income to plaintiff.

In particular, contrary to plaintiff's arguments on appeal, the trial court's findings regarding the availability of overtime and plaintiff's voluntary reduction of the overtime he accepted were not clearly erroneous. Plaintiff testified that he was being offered less overtime and, in support of this assertion, he presented testimony from Douglas Williams, the manager in charge of scheduling overtime at plaintiff's place of employment. It is true that Williams initially testified that overtime had been reduced by 35 percent for the whole plant as a strategy to reduce costs and that plaintiff's specific "team" would have no overtime in 2014. However, Williams later testified that the same strategy to reduce costs in 2014 had already been in place for a couple of years, meaning that the same practices which will purportedly reduce the overtime available to plaintiff in 2014 had been in place during previous years in which plaintiff managed to work overtime and to earn in excess of $100,000. Indeed, Williams also explained that, while plaintiff's department would have no overtime in 2014, plaintiff could obtain overtime in other departments as plaintiff had done in the past. Moreover, Williams testified that in 2014, plaintiff had been offered overtime in other departments and had declined the overtime offered. Added to this evidence, defendant testified that throughout their marriage, plaintiff worked overtime at GM and, in fact, plaintiff would often get called for overtime, even when others were not, because of plaintiff's particular skills and knowledge. Defendant also testified that plaintiff told her that he wished to retire early to avoid paying her spousal support. In this regard, the timing of the alleged reduction in the overtime available to plaintiff is conveniently similar to the filing of this divorce.

Given this evidence, the trial court did not clearly err by determining that despite the availability of overtime, plaintiff had voluntarily reduced the amount of hours he accepted. To the extent there were conflicts in the evidence, we defer to the trial court's assessment of witness credibility. See *Woodington*, 288 Mich App at 358. On this record, the trial court did not abuse its discretion by imputing the overtime hours to plaintiff when calculating his ability to pay. See *Loutts*, 298 Mich App at 25-26.

With regard to defendant's pay, at the time of trial, defendant earned an annual salary of $22,360, working as a leasing agent at an apartment complex. Despite requests from plaintiff, the trial court declined to impute income to defendant based on her work history as an insurance

-3-

agent. The trial court determined as a factual matter that defendant could no longer work as an insurance agent. In making this finding, the trial court found that defendant lacked a college degree, that she was no longer licensed to sell insurance, and that she was no longer marketable in this field, particularly following recent significant changes to the industry. We find no clear error in the trial court's factual findings, and we conclude that the trial court did not abuse its discretion by failing to impute income to defendant.

The record plainly supports the trial court's findings of fact. Defendant testified that she did not have a college degree or license to sell insurance, that being an independent insurance agent in the health industry was rarely profitable in the current environment, and that she had inquired about her previous position at Blue Cross, which she left more than 10 years ago, and was told that it now required a bachelor's degree. Defendant also testified that she attempted to operate her own insurance agency after leaving Blue Cross, but the business proved unprofitable and defendant closed it with plaintiff's approval. Defendant's dog kennel business, which she opened with plaintiff, also proved unsuccessful and closed. Defendant stated that her current position as a leasing agent was the best that she could do at the moment. The only evidence to the contrary was testimony from plaintiff, wherein he stated that defendant could still obtain employment as an insurance agent but was simply choosing not to. The credibility of their respective testimony was a question for the trial court, and we defer to the trial court's acceptance of defendant's testimony. See *Woodington*, 288 Mich App at 358. Given the evidence presented at trial, the trial court did not commit clear error in determining that defendant's income was limited to $22,360 per year. As such, the trial court properly refused to impute additional income to defendant based on plaintiff's allegation that defendant was purposely underemployed.[1] See *Loutts*, 298 Mich App at 25-26.

Having determined that the trial court's factual findings challenged by defendant on appeal were not clearly erroneous, "[t]he trial court's decision regarding spousal support must be affirmed unless we are firmly convinced that it was inequitable." *Gates*, 256 Mich App at 434. We see no such inequity in this case. The facts found by the trial court reveal that plaintiff had a projected gross income of over $110,000 for 2014, while defendant was making $22,360 per

---

[1] We note that, on appeal, plaintiff refers this Court to documentary evidence that was provided with plaintiff's post-judgment motions for relief. His proffered evidence and arguments in relation to both motions merely rehash the facts and circumstances presented at trial with regard to his own income and that of defendant. The trial court resolved these issues and nothing in the documents presented evinces a change in circumstances or newly discovered material evidence warranting a modification, or setting aside, of the trial court's judgment. See MCL 552.28; MCR 2.611(A)(1)(f); *Gates*, 256 Mich App at 434; *Hoven v Hoven*, 9 Mich App 168, 173; 156 NW2d 65 (1967). For example, job descriptions plaintiff presents as work available to defendant as an insurance agent in fact show that a license is required and that many agents have bachelor's degrees, both of which defendant lacks. Likewise, to the extent plaintiff presents materials to show he is not currently working overtime, these materials do not negate the trial court's determination that plaintiff has begun to decline overtime that he consistently accepted during his marriage. In short, these additional materials do no entitle plaintiff to relief.

year.  Given the spousal support ordered by the trial court of $2,451 per month, or $29,412 per year, plaintiff would be left with $80,588 in gross income while defendant will have $51,772. Neither party is "impoverished" by this result and, given this monetary breakdown as well as the other facts and circumstances in this case, we are not firmly convinced that the spousal support award was inequitable.  See *id*.  Consequently, the trial court did not abuse its discretion by awarding the spousal support in question.  See *id.* at 433.

Affirmed.

/s/ Henry William Saad
/s/ David H. Sawyer
/s/ Joel P. Hoekstra