*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT LEE,

       Plaintiff-Appellant,

v

LIBERTY MUTUAL INSURANCE COMPANY,

       Defendant,

and

RACHEL ANNE ALMEIDA,

       Defendant-Appellee.

UNPUBLISHED
September 22, 2022

No. 355967
Wayne Circuit Court
LC No. 18-004163-NI

Before: RONAYNE KRAUSE, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, Robert Lee, appeals by right following the trial court's dismissal of his third-party automobile negligence claim against defendant Rachel Anne Almeida. We affirm.

## I. BACKGROUND

This matter arises out of an automobile accident in which defendant's vehicle struck plaintiff's vehicle. The parties dispute the reasons for the collision and the extent to which plaintiff's present medical issues were caused by the accident. The details are, however, irrelevant to this appeal. Following plaintiff's settlement with former defendant Liberty Mutual Insurance Company, plaintiff's relationship with his original attorneys broke down, and the trial court permitted plaintiff's attorneys to withdraw. Despite repeated admonitions from the trial court that plaintiff would need to comply with procedural and substantive laws and rules, as well as strong recommendations to acquire substitute counsel, plaintiff thereafter proceeded *in propria persona*. Plaintiff rejected a settlement offer from defendant, and much of his participation below was either incoherent or reflective of a fundamental failure to understand his obligations as a litigant.

Specific to this appeal, the trial court entered an order on August 14, 2020, that unambiguously required plaintiff to submit a proposed final pretrial order by October 16, 2020, or he would face sanctions ranging from exclusion of evidence to dismissal. Plaintiff failed to comply with the order, which he explained was because he "had a nervous breakdown," that he was "going through some mental stress," that his "computer was in storage and it all got rusted," and that he had various other physical and mental ailments. The trial court reminded plaintiff that it was plaintiff's duty "to comply with the rules of the court if you decide to represent yourself." Defendant informed the court that she intended to move to dismiss, and the trial court informed plaintiff that he would need to respond to that motion in a timely manner. Following defendant's motion to dismiss, plaintiff responded by filing several documents that are largely incoherent. Plaintiff never did provide anything resembling the required final pretrial order. The trial court granted defendant's motion to dismiss the case with prejudice, and defendant now appeals. Plaintiff continues to represent himself.

## II. STANDARD OF REVIEW AND PRINCIPLES OF LAW

Pursuant to MCR 2.504(B)(1), if a party fails to comply with a court's order, the court is empowered to enter a default against that noncompliant party or dismiss that noncompliant party's action. We review for an abuse of discretion a trial court's dismissal of a case because a litigant failed to comply with the court's orders. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). An abuse of discretion occurs when the trial court selects an outcome outside the range of available reasonable and principled outcomes. *Id*. Dismissal is a drastic sanction that should not be taken unless the trial court has carefully determined on the record that dismissal is just and proper under the circumstances, and that no appropriate lesser sanctions are available. *Vicencio v Ramirez*, 211 Mich App 501, 506-507; 536 NW2d 280 (1995). Nonetheless, the trial court "has basic responsibility for enforcement of [its] own decree and considerable discretion in the means to be employed." *Butler v Butler*, 356 Mich 607, 618; 97 NW2d 67 (1959).

Parties appearing *in propria persona* are entitled to lenity in construing their pleadings and draftings; however, they are not excused from supporting their claims. *Estelle v Gamble*, 429 US 97, 106-108; 97 S Ct 285; 50 L Ed 2d 251 (1976). Furthermore, parties who elect to represent themselves must respect "the dignity of the courtroom" and must "comply with relevant rules of procedural and substantive law." *Faretta v California*, 422 US 806, 834 n 46; 95 S Ct 2525; 45 L Ed 2d 562 (1975). On appeal, parties "acting *in propria persona* should be held to the same standards as members of the bar." *Totman v Royal Oak Sch Dist*, 135 Mich App 121, 126; 352 NW2d 364 (1984). Thus, a litigant who decides to proceed without counsel is "bound by the burdens that accompany" that decision. *Hoven v Hoven*, 9 Mich App 168, 174; 156 NW2d 65 (1967). "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow." *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

## III. ARGUMENTS ON APPEAL

We first note that much of plaintiff's brief is incoherent, disjointed, and seemingly addresses matters unrelated to the trial court's dismissal of the case. For example, he discusses

conspiracy, for no reason that we can discern, and he asserts that there is no factual dispute regarding his injury. Plaintiff's request for relief, to the extent it is comprehensible, appears to be for an investigation and for some kind of damages, including the cost of office supplies. The underlying facts are not at issue at this time. Rather, at issue is the propriety of the trial court's dismissal of the action because plaintiff failed to comply with a court order. None of the relief formally sought by plaintiff could be granted by this Court at this time, irrespective of the merits of the appeal. The only relief we could provide, in principle, would be to order reinstatement of his case. Mindful of our duty to construe with lenity the submissions of parties appearing *in propria persona*, we choose to construe plaintiff's brief as merely an inartful request for that relief, and we will address, to the extent we can understand it, any argument made in support of that relief.

By inference from plaintiff's references to the Equal Employment Opportunity Commission (EEOC), the Americans with Disabilities Act (ADA), 42 USC 12101 *et seq*., and the Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1101 *et seq*., the gravamen of plaintiff's argument on appeal seems to be that he suffers from a number of disabilities that should have entitled him to some kind of lenity excusing noncompliance with the court's orders and rules of procedure. Although we express or imply no opinion whatsoever as to their genesis or severity, we do not doubt that plaintiff genuinely suffers from a variety of ailments. Although plaintiff did bring his medical issues to the trial court's attention, it does not appear that plaintiff ever presented any arguments to the trial court specifically referencing the EEOC, the ADA, or the PWDCRA. "Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute." *Walters v Nadell*, 481 Mich 377, 388; 751 NW2d 431 (2008). Plaintiff also makes no coherent argument on appeal. *Mitcham*, 355 Mich at 203. We could, therefore, construe this argument as both unpreserved and abandoned.

Nevertheless, the conceivably relevant provisions of the ADA and the PWDCRA generally forbid public services or accommodations from denying individuals full access to or enjoyment of services and facilities on the basis of a disability. MCL 37.1302; 42 USC § 12132.[1] There is no evidence that the trial court committed any such impropriety. Rather, the trial court repeatedly and patiently explained to plaintiff that he would be expected to follow the same substantive and procedural rules as a lawyer, and it strongly recommended that plaintiff obtain replacement counsel. Moreover, plaintiff actively participated in the litigation, including by filing multiple documents and appearing at court hearings. The record does not support any argument that plaintiff was denied access to the courts on the basis of a disability or that there was any reason why he should have been entitled simply to disregard a court's order. We note also that plaintiff has made several requests for appointed counsel. However, the trial court correctly explained to plaintiff that civil litigants have no right to appointed or assigned counsel. That plaintiff was not capable of handling the burdens of representing himself, a fact that should have been readily apparent to him, does not establish that he was wronged by the trial court or by opposing counsel.

---

[1] As defendant points out, the EEOC has no relevance here, because plaintiff was not employed by the trial court.

We conclude that plaintiff has not advanced any coherent, meritorious argument on appeal.

## IV. PROPRIETY OF DISMISSAL

Nevertheless, still mindful of our duty to treat litigants appearing *in propria persona* with as much lenity as possible, we will consider the actual issue in this appeal of whether the trial court properly dismissed the case. The following nonexhaustive list of factors should be considered when deciding whether to impose the sanction of dismissal:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Vicencio*, 211 Mich App at 507.]

Here, the trial court appropriately noted the lengthy procedural history of this matter. It noted that plaintiff had a pattern of making arguments that were difficult to understand and filing documents that were incomprehensible and not obviously responsive or appropriate to the matters at hand. Plaintiff was repeatedly and patiently advised to obtain substitute counsel, and the trial court even provided plaintiff with a Detroit Bar Association list of attorneys. Plaintiff failed to comply with other discovery matters, such as failing to provide documentary support for his purported need for surgery; he made various impermissible requests, such as an apparent request to reopen discovery; and, at one point, he apparently moved to stay or quash a motion by defendant that the trial court had actually denied several months earlier. Despite the trial court's patience, plaintiff proved highly disruptive to the orderly proceeding of the case. Even before the withdrawal of plaintiff's counsel, plaintiff had a history of engaging in behavior that made the litigation more difficult, such as by refusing to cooperate in signing the draft check for the first-party no-fault settlement with Liberty Mutual, to which he had already agreed.

Against that backdrop, on August 14, 2020, the trial court entered an order that required plaintiff to file a proposed joint final pretrial order by October 16, 2020. The August 14, 2020 order expressly stated that claims could be dismissed for failure to comply with the order. Although defendant's counsel provided plaintiff with language for the portion of the order summarizing defendant's positions, plaintiff failed to file the proposed joint final pretrial order by October 16, 2020. At an October 21, 2020 hearing, defendant's counsel indicated that he was preparing a motion to dismiss. The court again reminded plaintiff that he was required to comply with the court's directives and that he should file a response to defendant's forthcoming motion to dismiss. After the motion to dismiss was filed, plaintiff failed to file a response addressing that motion. Plaintiff did file certain documents in November and December of 2020 that may have comprised efforts to provide a pretrial statement; however, the documents did not contain the content required by the August 14, 2020 order, and the documents contained assertions about subjects unrelated to the case. At the December 18, 2020 hearing, the trial court dismissed the case due to plaintiff's failure to comply with the August 14, 2020 order.

Plaintiff was specifically warned by bold language in the August 14, 2020 order that dismissal could result from failure to comply with its terms, but plaintiff nonetheless did not

comply. His refusal to comply with the order can therefore reasonably be viewed as willful. See *Woods v SLB Property Mgmt, LLC*, 277 Mich App 622, 631; 750 NW2d 228 (2008) ("Plaintiff was well aware of the trial court's order requiring him to file an amended complaint within 14 days. Therefore, his refusal to file his amended complaint on time and in the proper format constituted a willful violation of the court order."). His failure to provide a proposed order with comprehensible information about, e.g., his claim, witnesses, and exhibits was prejudicial to defendant. See *id*. (stating that the defendant would have been prejudiced by the failure to dismiss the case because the plaintiff's amended complaint was incomprehensible). Plaintiff had a history of engaging in behavior that made the litigation more difficult, including by refusing to cooperate in signing the draft check for the first-party no-fault settlement to which he had already agreed as well as failing to provide documentary support for his purported need for surgery.

Despite plaintiff's violation and history of straining the trial court's docket, the court did not immediately dismiss the matter upon learning of plaintiff's violation of the August 14, 2020 order; the case remained pending for almost two more months. Nevertheless, plaintiff failed to cure the defect. The documents he filed in that time period did not comprise a coherent proposed joint final pretrial order. Plaintiff was given ample opportunity to comply with the court's directives. However, he made no real progress in doing so and displayed no sign that he would ever be capable of doing so. There was no indication that any lesser sanction would have been effective in these circumstances. Accordingly, the trial court's dismissal of the case fell within the range of principled outcomes.

Affirmed. Because plaintiff has been determined to be indigent, we direct that the parties shall bear their own costs on appeal. MCR 7.219(A).

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Brock A. Swartzle