*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SALEEM BIN SHAKOOR and TASLEEM
SALEEM,

      Plaintiffs-Appellants,

v

DAVID SOBLE and SOBLE PLC,

      Defendants-Appellees.

UNPUBLISHED
October 09, 2024
2:41 PM

No. 369192
Oakland Circuit Court
LC No. 2022-197406-NM

Before: CAMERON, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

In this case, plaintiffs, Saleem Bin Shakoor (Saleem) and Tasleem Saleem (Tasleem), brought claims against defendants, David Soble and Soble PLC, related to defendants' legal representation of plaintiffs. The trial court ultimately granted defendants' motion to dismiss plaintiffs' case with prejudice on the basis of Saleem's repeated unauthorized practice of law. We find no clear abuse of discretion in the trial court's ruling, and affirm the trial court's order of dismissal.

## I. BACKGROUND

In September 2020, plaintiffs hired defendants to represent them in a foreclosure action, after which plaintiffs were evicted and the home was sold. In November 2022, plaintiffs, *in propria persona*, jointly filed a complaint against defendants, alleging breach of contract, unjust enrichment, professional malpractice, gross negligence, fraudulent misrepresentation, innocent misrepresentation, breach of fiduciary duty, civil conspiracy, successor liability, and alter ego. Throughout the proceedings, plaintiffs filed joint pleadings, signed by both Saleem and Tasleem, including a motion to strike defendants' affirmative defenses, a response to defendants' motion to transfer the case, and a response to defendants' motion for summary disposition. Defendants and the trial court raised numerous concerns about plaintiffs' documents, Saleem's representation of both plaintiffs, and assistance plaintiffs apparently received in drafting their motions and responses. Saleem admitted to the trial court that he prepared the pleadings on behalf of both

Tasleem and himself with the help of family members and others who assisted him with drafting, proofreading, and preparing the documents for filing.

Approximately one year after initiating the action, plaintiffs moved for the first time for the court to appoint an Urdu interpreter for Tasleem under MCR 1.111 and MCR 8.127. The same day, defendants filed a motion to show cause and for stay pending a decision of this Court in plaintiffs' foreclosure action and pending an investigation by the State Bar of Michigan. Defendants argued that Saleem engaged in the unauthorized practice of law by filing documents on behalf of Tasleem and failing to respond to the trial court's request for information about people helping Saleem draft legal documents. Defendants asked the trial court to dismiss the case, strike plaintiffs' filings, or enter an order requiring plaintiffs to provide the contact information of those assisting them. In response, plaintiffs appeared to deny that Saleem represented Tasleem, but nonetheless stated that they made joint decisions about their case, and that Tasleem consented to Saleem filing motions and responses on her behalf.

The trial court granted defendants' request to dismiss plaintiffs' action, finding that Saleem engaged in the unauthorized practice of law because he improperly acted as an attorney on behalf of Tasleem. To that end, the trial court entered an order denying defendants' request for stay, but granted their request to dismiss plaintiffs' action with prejudice. The order further stated that the trial court would refer Saleem "to the State Bar of Michigan for investigation of suspected unauthorized practice of law." This appeal followed.

## II. ANALYSIS

### A. STANDARDS OF REVIEW

"Trial courts possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). "An exercise of the court's 'inherent power' may be disturbed only upon a finding that there has been a clear abuse of discretion." *Id*. (quotation marks and citation omitted). A court abuses its discretion when its decision falls "outside the range of reasonable and principled outcomes." *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018) (quotation marks and citation omitted). Plaintiffs also claim that they were denied due process, which is a constitutional issue that we review de novo. *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 277; 831 NW2d 204 (2013).

### B. UNAUTHORIZED PRACTICE OF LAW

Plaintiffs maintain that the trial court erred by dismissing their case because their complaint was properly pleaded and they were permitted to act as pro se litigants. We disagree.

An appellant who proceeds *in propria persona* is generally held to the same standards as attorneys. *Baird v Baird*, 368 Mich 536, 539; 118 NW2d 427 (1962); *Totman v Royal Oak Sch*

*Dist*, 135 Mich App 121, 126; 352 NW2d 364 (1984).[1]  Accordingly, litigants who decide to proceed without counsel are "bound by the burdens that accompany such election." *Hoven v Hoven*, 9 Mich App 168, 174; 156 NW2d 65 (1967).

MCL 600.916(1) prohibits people without a law license from practicing law in Michigan, stating:

> A person shall not practice law or engage in the law business, shall not in any manner whatsoever lead others to believe that he or she is authorized to practice law or to engage in the law business, and shall not in any manner whatsoever represent or designate himself or herself as an attorney and counselor, attorney at law, or lawyer, unless the person is regularly licensed and authorized to practice law in this state.  A person who violates this section is guilty of contempt of the supreme court and of the circuit court of the county in which the violation occurred, and upon conviction is punishable as provided by law.  This section does not apply to a person who is duly licensed and authorized to practice law in another state while temporarily in this state and engaged in a particular matter.

The purpose of the prohibition is to protect "the public from the danger of unskilled persons practicing law." *Dressel v Ameribank*, 468 Mich 557, 564; 664 NW2d 151 (2003).  "[A] person engages in the practice of law when he counsels or assists another in matters that require the use of legal discretion and profound legal knowledge." *Id*. at 569.

In an opinion of the governing body of lawyers in this state, the State Bar of Michigan stated the following:

> A judge who knows of unauthorized practice of law activity, whether or not the activity takes place within or without the presence of the judge, has an ethical duty to take necessary steps to prevent the unauthorized practice and must report the incident to authorities empowered to act upon the matter.  When a judge becomes aware during the course of the proceeding that a representative of a party is not licensed to practice law, the judge must stop the proceeding and should place as much information as possible on the record and forward a transcript to the State Bar Committee on Unauthorized Practice of the Law, together with the names and addresses of all persons having relevant information about the incident and copies

---

[1] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority." *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012) (citation omitted).  Indeed, "this Court may not be strictly bound to follow older published cases, but traditionally regards them as retaining some authority, at least if they were not disputed by some other contemporaneous case." *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114; 923 NW2d 607 (2018).

of all available pleadings, documents and correspondence bearing upon the matter. [State Bar of Michigan Ethics Opinion JI-26 (June 29, 1990).[2]]

Trial court judges may also enter an order of contempt, dismiss the action, strike the pleadings, void the judgment, or make a disciplinary complaint. *Id*.

The record shows that, although Saleem and Tasleem both chose to represent themselves, they jointly filed various pleadings and documents. Saleem admitted that he alone drafted documents for both plaintiffs and that he received assistance from family members and other people to ensure the documents were free from grammatical and spelling errors and met the filing requirements. By drafting and filing court documents on behalf of both Tasleem and himself, Saleem clearly assisted another person in matters that required "the use of legal discretion and profound legal knowledge." *Id*. Saleem was clearly engaging in the unauthorized practice of law, and the trial court did not clearly abuse its discretion by dismissing the action, which was within its inherent authority. See *Maldonado*, 476 Mich at 388.

## C. INTERPRETER

Plaintiffs also argue the trial court impeded Tasleem's ability to represent herself by failing to appoint an Urdu interpreter.

"Due process is a flexible concept requiring fundamental fairness by providing notice of the nature of the proceedings and a meaningful opportunity to be heard by an impartial decision-maker." *AFP Specialties, Inc v Vereyken*, 303 Mich App 497, 514; 844 NW2d 470 (2014). MCR 1.111(B)(1) requires courts to appoint "a foreign language interpreter" upon request if "necessary for the person to meaningfully participate in the case or court proceeding."

---

[2] Although ethics opinions from the State Bar of Michigan are not binding on this Court, they may be instructive. *Watts v Polaczyk*, 242 Mich App 600, 607; 619 NW2d 714 (2000).

Despite filing their complaint in November 2022, plaintiffs did not request an interpreter for Tasleem until November 2023. Again, Saleem prepared the motion and, like their many other filings, it bore both Saleem and Tasleem's names and signatures. During the motion hearing, Saleem acted on Tasleem's behalf and asked for the interpreter. Because Saleem was representing Tasleem in matters that required the use of legal discretion and knowledge, *Dressel*, 468 Mich at 569, Saleem again engaged in the unauthorized practice of law. The trial court observed on the record that Tasleem answered questions in court and never indicated her need for an interpreter and that, once again, Saleem was acting as Tasleem's legal counsel. Tasleem never made a pro se request for an interpreter and, in light of defendants' motion to dismiss for Saleem's unauthorized practice of law, the trial court did not deprive Tasleem of her due process rights by dismissing the case without granting her belated request for an interpreter.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett